# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| TARANEH VESSAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 17 C 2188 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| ALARM.COM, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Taraneh Vessal filed a two-count First Amended Complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(iii), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1. Defendant Alarm.com moves to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [31]. For the reasons set forth below, this Court grants in part and denies in part the motion.

**Background**

The following facts are taken from the First Amended Complaint. (Dkt. 29). Plaintiff Taraneh Vessal registered her cell phone on the Do-Not-Call Registry, and most recently renewed that registration in March 2016. Around the same time, she began receiving calls from entities trying to sell her Alarm.com's home security system.

Alarm.com provides interactive security and home alarm monitoring solutions for residential and commercial properties around the country. Alarm.com does not sell its services directly to consumers, but relies on a network of third-party dealers to generate subscribers. The complaint contains a list of fifty-six telephone numbers alleged to be used by Alarm.com's third-party dealers. Vessal alleges on information and belief that the enumerated phone numbers are regularly used by

1

third-party dealers. The complaint alleges that Alarm.com controls the details of sale, installation, maintenance, and support for their home security systems. Alarm.com also controls the third-party dealers by retaining the right to discipline and terminate the relationships.

The phone calls Vessal received were attempts to sell her a "3-in-1 wireless home security system." Vessal has received calls from American Home Security, American Security Services, Central Security Group, United Security, and Bayside Security, among others. She believes that each of these entities have agreements with Alarm.com as third-party dealers. Some of the callers directed Vessal to Alarm.com when she asked for a web address. When she answers the calls, Vessal hears a recorded message offering her options to opt out or to speak with a representative. The complaint lists dates and phone numbers for nine instances when Vessal followed the prompt to opt out. (*Id.* at ¶ 26). She also spoke with representatives on multiple occasions, requesting removal from their call list. In July 2016, Vessal spoke with a representative from United Security, to whom she stated, "I asked twice to be removed, why are you calling me?" and "Remove me from your list." Vessal alleges that United Security's representative responded that they would remove her from the list and from their database. She further alleges on information and belief that United Security is a third-party dealer for Alarm.com. (*Id.* at ¶ 29).

On a separate occasion, Vessal alleges that she spoke to a representative named "Jen" from Central Security Group and told the representative not to call her again and was told that she would be removed from their list. Vessal also alleges on information and belief that Central Security Group is a third-party dealer for Alarm.com. (*Id.* at ¶ 31). On September 27, 2016, Vessal answered a call from American Security Services and the representative said he was calling on behalf of Monitronics. (*Id.* at ¶ 33). She alleges on information and belief that Monitronics is a third-party dealer for Alarm.com. (*Id.* at ¶ 34). On September 29, 2016, Vessal answered a call from American Home Security and asked the representative to take her off of the list. She alleges on information and belief

2

that American Home Security is a third-party dealer for Alarm.com. (*Id.* at ¶ 36). Plaintiff asserts that she has received more than 75 calls despite her requests to be removed from call lists and databases.

Plaintiff alleges harm from the calls from aggravation and intrusions on her privacy, and increased usage of her telephone services, loss of cell phone capacity and battery life, among other things. (*Id.* at ¶ 43). Based on these allegations, Vessal asserts that Alarm.com violated the Telephone Consumer Protection Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim must be plausible rather than merely conceivable or speculative, meaning that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together. But the proper question to ask is still *could* these things have happened, not *did* they happen." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (emphasis in original) (internal citations omitted).

**Discussion**

Alarm.com moves to dismiss both counts of the First Amended Complaint for failure to state a claim. Alarm.com argues that the First Amended Compliant fails to allege sufficient facts to draw a reasonable inference that Alarm.com is liable for the conduct of the callers. Alarm.com further contends that Vessal's allegations of "dealer agreements" are too conclusory to satisfy even

3

the minimal requirements of Rule 8. According to Alarm.com the ICFA claims fail because the damages alleged do not qualify as actual damages under the statute and there are no allegations of a deceptive act or practice committed by Alarm.com. This Court will address each argument in turn.

*1. Count I: TCPA*

The TCPA prohibits any person from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227 (b)(1)(A)(iii). In Count I, plaintiff alleges that Alarm.com is directly liable for all the calls made to Vessal or, alternatively, liable under an agency theory of vicarious liability for the conduct of its alleged third-party dealers.

Direct liability under the TCPA, however, applies only to entities that "initiate" the telemarketing calls. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (St. Eve, J.) (citing *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6582 ¶ 24 (2013)). A "seller generally does not 'initiate' calls placed by third-party telemarketers" because, as the FCC made clear to initiate a call means to physically place a telephone call. *Id.* There are no allegations in the complaint, and Vessal does not argue that Alarm.com initiated the phone calls in the sense of taking the steps to physically place a call. Accordingly, plaintiff has not alleged facts supporting direct liability under the TCPA.

Under the TCPA, a principal may be held vicariously liable for the acts of its agent. *See Dish Network, LLC,* 28 F.C.C. Rcd. at 6584 (noting that defendants can be held vicariously liable for TCPA violations by its representatives "under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification"); *see also Dolemba v. Illinois Farmers Ins. Co.*, 213 F. Supp. 3d 988, 995 (N.D. Ill. 2016) (Durkin, J.); *Smith*, 30 F. Supp. 3d at 773.

4

Plaintiff's agency theory of liability is sufficient to put defendant Alarm.com on notice, but the allegations are quite slim. The only allegations in the complaint to establish any sort of connection between Alarm.com and the callers are made on information and belief and the assertion that some of the callers identified Alarm.com as their web address. The saving grace for Vessal is that the existence of an agency relationship is usually a factual question and any evidence of an agency relationship between Alarm.com and the identified third-party dealers is entirely within Alarm.com's control. *See Dolemba,* 213 F. Supp. 3d at 996, 997. Notably, Alarm.com does not dispute that it uses third-party dealers to sell its products to consumers. Accordingly, this Court finds that the complaint puts Alarm.com sufficiently on notice of the alleged agency relationship through third-party dealer agreements with American Home Security, American Security Services, Central Security Group, United Security, and Bayside Security to warrant discovery on the issue. *See Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) (Bucklo, J.) (denying dismissal of the defendant at the pleading stage when the relationship, if any, with third-party telemarketers was exclusively within the defendant's control).

*2. Count II: ICFA*

Defendant also moves to dismiss the ICFA claim, in Count II, for failure to adequately allege actual damages and a deceptive act or practice. Because claims under the ICFA sound in fraud, they are analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736–37 (7th Cir. 2014). Rule 9(b) requires a pleading to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Pleading such claims "ordinarily requires describing the who, what, when, where, and how of the fraud." *Camasta,* 761 at 737 (quoting *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir.2011) (internal quotations omitted)).

To plead a claim under the ICFA, Vessal must allege: (1) a deceptive act or practice by

5

defendant; (2) that the act or unfair practice occurred in a course of conduct involving trade or commerce; (3) that the defendant intended plaintiff to rely on the deception; and (4) that actual damages were proximately caused by the deception. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012). Courts consider the following factors when determining whether conduct is actionable under the ICFA, if it: (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 418 (2002) A practice can be deceptive or unfair if it overwhelmingly meets one of the criteria or if it satisfies all three criteria to a lesser degree. *Id.* There is no reasonable contention that receiving seventy-five telemarketing calls after registering on the Do-Not-Call list does not offend public policy. Therefore, only the other two criteria are at issue.

Here, Vessal asserts that Alarm.com engaged in deceptive or unfair practice by having different and multiple third-party dealers call her to sell her Alarm.com's security system and by continuing to call her after she asked to be removed from the list. This type of conduct has not been found to be sufficient to state a claim under the ICFA by courts in this district. In *Battle v. Bridgepoint Educ., Inc.*, No. 16 CV 9513, 2017 WL 748634, at *1 (N.D. Ill. Feb. 27, 2017) (Shah, J.), for example, the court dismissed the complaint because the conduct alleged, that the plaintiff kept receiving calls after requesting the defendant stop was insufficiently burdensome or oppressive to qualify as an unfair or deceptive practice. In *Gonnella v. Delbert Servs. Corp.*, No. 14-CV-4921, 2015 WL 1299364, at *4 (N.D. Ill. Mar. 19, 2015) (Darrah, J.), the plaintiff alleged that the defendant called her cell phone twelve times after she asked them to stop, both orally and in writing. The court dismissed the complaint because the plaintiff had insufficiently alleged that the actions were unfair or deceptive or that she suffered an injury. *Id.* at *5.

In contrast, the court in *Nelson v. Ashford Univ., LLC*, No. 16-CV-3491, 2016 WL 4530325, at *2 (N.D. Ill. Aug. 29, 2016) (Darrah, J), found the defendant's alleged conduct sufficiently

6

oppressive to satisfy the ICFA. Courts consider conduct sufficiently oppressive if it is "'so oppressive as to leave the consumer with little alternative except to submit to it.'" *Id.* (quoting *Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014)). The court found persuasive the plaintiff's argument that she had no choice but to continue to receive the calls after she asked the defendant to stop calling because turning off the cell phone is not a realistic "alternative." *Id.* Taken as true, Vessal at most alleges that the callers, allegedly agents of Alarm.com, wanted to sell her security systems. Moreover, she has not alleged any plausible likelihood of deception or injuries so substantial they alone satisfy the unfair or deceptive practice requirement. Even if this Court found, as the court did in *Nelson,* that the plaintiff had sufficiently alleged that the calls were oppressive, Vessal still fails to adequately allege actual damages.

Under the ICFA, the element of actual damage requires the plaintiff suffer "actual pecuniary loss." *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (quoting *Mulligan v. QVC, Inc.,* 382 Ill.App.3d 620, 321 Ill. Dec. 257, 888 N.E.2d 1190, 1197 (2008)). The damages that Vessal claims to have suffered including increased usage of her telephone services, loss of cell phone capacity, and battery life, are not the kind of injuries that qualify as actual damage under the ICFA. These are exactly the kind of injuries the court in *Nelson* found insufficient. *Nelson*, 2016 WL 4530325, at *3 (finding increased usage of telephone service and diminished space for data storage insufficient to qualify as actual damages); *see also Bruner v. AllianceOne Receivables Mgmt., Inc.*, No. 15 C 9726, 2017 WL 770993, at *6 (N.D. Ill. Feb. 28, 2017) (Lee, J.) (finding that depreciation of the value of her cell phone plan, battery life, storage, and functionality, were not plausibly calculable or measurable). Accordingly, this Court finds that Vessal fails to state a claim under the ICFA.

**Conclusion**

Based on the foregoing discussion, this Court grants in part and denies in part Alarm.com's Motion to Dismiss [31]. The motion is denied as to Count I and granted as to Count II. Count II of

the First Amended Complaint is dismissed without prejudice.


IT IS SO ORDERED.

        ENTERED:

Dated:  October 18, 2017

                                            SHARON JOHNSON COLEMAN
                                            United States District Judge